# TIFFANY & BOSCO
## P.A.
**SEVENTH FLOOR CAMELBACK ESPLANADE II**
**2525 E. CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
ljm@tblaw.com
Attorneys for Secured Creditor
24-00274-BN-AZ

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | Chapter 13 |
| Rodney J Solecki and Cynthia M Solecki | Case No. 2:23-bk-08821-DPC |
| Debtors. | **OBJECTION TO AMENDED CHAPTER 13 PLAN** |
| Toyota Motor Credit Corporation | |
| Secured Creditor, | RE: 2023 TOYOTA 86 |
| vs. | VIN: JF1ZNBF12P8750828 |
| Rodney J Solecki and Cynthia M Solecki, Debtors; Edward J. Maney, Trustee. | |
| Respondents. | |

Toyota Motor Credit Corporation, a secured creditor, by its attorneys, TIFFANY & BOSCO, P.A., hereby objects to the proposed Amended Chapter 13 Plan filed by the Debtors for the following reasons:

1. Debtors filed a voluntary petition under Chapter 13, United States Bankruptcy Code, on December 7, 2023 ("Petition Date").

2. Secured Creditor is the owner and holder of a Retail Installment Sale Contract ("Contract") in the original financed amount of $44,262.02, dated October 27, 2023 and executed by Rodney J. Solecki for the purchase of a 2023 TOYOTA 86, VIN:JF1ZNBF12P8750828 ("Collateral"). A true and correct copy of the Contract and of the Certificate of Title indicating Secured Creditor's perfected lien in the Collateral are attached to Secured Creditor's Proof of Claim #6.

3. The total debt due and owing to Secured Creditor as of the Petition Date was $44,761.69 as evidenced by Secured Creditor's Proof of Claim and Debtors remain indebted to Secured Creditor in that amount.

4. In accordance with 11 U.S.C. §1325, if a motor vehicle is purchased for the personal use of a debtor within 910 days preceding the petition date, and is collateral securing a debt that is the subject of a claim, said claim shall not be valued under 11 U.S.C. §506. In the present case, the Collateral was purchased for Debtors' personal use on October 27, 2023 subject to a purchase money security interest in favor of Secured Creditor. Therefore, Secured Creditor contends that its claim be allowed and treated as fully secured in the amount of $44,761.69.

5. The courts which have interpreted the hanging paragraph have concluded that application of the paragraph disallows debtors from bifurcating qualifying claims under Section 506. *In re Trejos*, 374 B.R. 210 (9th Cir. BAP2007); *Drive Financial Services, L.P. v. Jordan*, 521 F.3d 343 (5th Cir. 2008); *In re Wright*, 492 F.3d 829, 832 (7th Cir. 2007). Therefore, a debtor must pay the qualifying claim in full, irrespective of the value of the collateral.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the proposed Chapter 13 Plan be denied;
2. For attorney's fees and costs incurred herein;
3. For such other and further relief as this Court deems just and proper.

DATED this 5th day of April, 2024.

                        Respectfully submitted,
                        TIFFANY & BOSCO, P.A.

BY:  /s/ Leonard J. McDonald #014228
      Mark S. Bosco
      Leonard J. McDonald
      Attorneys for Secured Creditor

COPY of the foregoing mailed
April 5, 2024 to:

Rodney J Solecki and Cynthia M Solecki
23954 West Hadley Street
Buckeye, AZ 85326
Debtors

Thomas Adams Mcavity
4131 Main Street
Skokie, IL 60076-2780
Attorney for Debtor

Edward J. Maney
101 N. First Ave. Suite 1775
Phoenix, AZ 85003
Trustee

By: Julie Bush